THE STATE BANK OF INDIANA *v.* THE CITY OF MADISON.

The capital stock of the *State Bank of Indiana*, situate within the limits of the city of *Madison*, is not, nor is any part of it, subject to a tax for city purposes, imposed by the authorities of said city.

APPEAL from the *Jefferson* Circuit Court.

BLACKFORD, J.—The *State Bank of Indiana* filed a bill

Nov. Term,
1851.

STATE BANK
OF INDIANA
v.
THE CITY OF
MADISON.

in chancery, in the *Jefferson* Circuit Court, against the city of *Madison*. The object of the bill was to obtain an injunction, restraining the city from collecting a certain tax which she had assessed for the year 1846, upon certain real estate of the bank, which estate is situate within the limits of the city.

The injunction was granted.

The city afterwards filed an answer to the bill, admitting the assessment of the tax, and the commencement of proceedings for its collection, by the city. She claims in her answer to have the right to assess and collect said tax, under her charter granted in 1837 and its amendment made in 1843.

The following agreed case was made by the parties and filed in the Circuit Court, to-wit:

"*State Bank of Indiana* v. *The City of Madison*.

"In this case it is submitted to the Court to decide, whether the city of *Madison*, under her charter and ordinances, can assess and collect a tax for city purposes off of the property of said bank, situate within the corporate limits of said city, as off of property of individuals, the same being and constituting a part of the capital stock of said bank. The charter of said city and of said bank, and the proper ordinances and assessments, and all other facts on either side, necessary to present said question, are admitted. And if the Circuit Court be of opinion that such tax may be assessed and collected, then the bill in this case is to be dismissed at the costs of the complainant; and if not, then the injunction is to be made perpetual, and a decree accordingly at the costs of the defendant. Either party may appeal or prosecute a writ of error to the Supreme Court, as in other cases.—*J. G. Marshall*, for defendant. *M. G. Bright* and *J. Sullivan*, for plaintiff."

"We will further admit anything that is necessary to present the question as to the liability of the said bank to be taxed by the city; and, for that purpose, we admit the adoption of the city charter and amendments, and the agreement of the said bank to accept the 5th and 6th

sections of the act of *February* 6th, 1841.—*J. G. Marshall*, for defendant. *J. Sullivan* and *W. M. Dunn*, for plaintiff."

The Circuit Court dissolved the injunction and dismissed the bill.

The only question presented by this case is, whether the capital stock of the state bank, or of any part of it, situate within the limits of the city of *Madison*, is subject to a tax for city purposes, imposed by the city authorities.

The 15th section of the original charter of the bank, granted on the 20th of *January*, 1834, is as follows: "There shall be deducted from the dividends, and retained in bank each year, the sum of twelve and one-half cents on each share of stock, other than that held by the state; which shall constitute part of the permanent fund to be devoted to purposes of common school education under the direction of the general assembly, and shall be suffered to remain in bank and accumulate until such appropriation by the general assembly; *and said tax shall be in lieu of all other taxes and assessments on the stock in said bank.* And in case of an *ad valorem* system of taxation being adopted during this charter, the said stock shall be subject to the same ratio of taxation as other capital, not exceeding one *per cent.* including the aforesaid tax, and the said tax shall only be assessed on such portion of the stock as shall have been paid, and on account of which the stockholders shall not be indebted to the state."

An act amendatory of said bank charter, was adopted on the 6th of *February*, 1841. The 5th section of said amendatory act contains, *inter alia*, the following clause, to-wit:

"That hereafter the capital stock of the said bank shall be taxable, in addition to the tax of twelve and one-half cents on each share for education, *only for state purposes;* which tax shall be a *per centum*, in amount in each year equal to the amount of state tax, and to the amount of county tax in the county in which the respective branch may be situated for the year, and shall be paid over by the cashier of each branch to the treasurer of state, and

Nov. Term,
1851.

STATE BANK
OF INDIANA
v.
THE CITY OF
MADISON.

by such cashier shall be charged to the stockholders and deducted from the dividends: provided, that the whole amount of the tax herein provided, with said education tax, shall not exceed one *per cent.* on the capital stock."

There is then an express prohibition, in this amendatory act, against taxing the capital stock of the bank for any other than state purposes. The tax now in question is on a part of said capital stock, and is not for a state purpose. The consequence is that the tax is illegal, unless the city of *Madison* is not bound by said prohibition. That city, like all other municipal corporations in our state, is entirely under the control of the legislature. Its charter may be modified or repealed by the legislature, at any time. *The People* v. *Morris*, 13 Wend. 325.—*Sloan* v. *The State*, 8 Blackf. 361. The consequence is, that the said prohibition is obligatory on the city of *Madison*, and that the assessment of said tax cannot be sustained.

The principle involved in the case before us, is expressly decided in a late case in *New Jersey.* There was an incorporated company in *New Jersey*, called *The Patterson and Hudson River Railroad Company.* The charter of that company contained a provision saying, that the company, after the expiration of five years, should pay to the treasurer of state, yearly and every year, a tax of one-quarter of one *per cent.* upon their capital stock paid in, and yearly and every year, after the expiration of ten years, a tax of one-half of one *per cent.* upon the capital stock so paid in as aforesaid, and that *no further or other tax or impost* should be levied or assessed upon said company. A city tax in *Jersey City* was assessed upon some real estate of said company situate in that city ; and a question was raised in the Supreme Court, whether the company was liable to such tax. The Supreme Court set aside the assessment; and the authorities of *Jersey City* sued out a writ of error. The Court of Errors and Appeals affirmed the judgment of the Supreme Court; holding that the tax paid was not only a bonus for the chartered privileges of the company, but was also a commutation for such property as might necessarily be held for

purposes reasonably incident to the enjoyment of the fran-  Nov. Term,
chise; and that the company was exempted from all other  1851.
taxes, whether assessed for state, for city, or for township  BENNETT
purposes.  *Gardner, Assessor*, v. *The State*, 1 Zabriskie's  BUCHANAN.
R. 557.

We are, therefore, of opinion that the Circuit Court
erred in dissolving the injunction and dismissing the bill.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*J. Sullivan, M. G. Bright*, and *W. M. Dunn*, for the
appellant.

*J. G. Marshall*, for the appellee.